IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP CAMILLO-AMISANO, | | |
| Movant, | | |
| | No. | 3:16-CV-02173-C-BH |
| v. | | (3:12-CR-177-P) |
| | | |
| UNITED STATES OF AMERICA, | | **Referred to U.S. Magistrate Judge** |
| Respondent. | | |

## RESPONSE TO 28 U.S.C. § 2255 MOTION

Respectfully submitted,

JOHN R. PARKER
United States Attorney

*s/Amy J. Mitchell*
AMY J. MITCHELL
Assistant United States Attorney
Texas Bar No. 24029734
Oklahoma Bar No. 17674
1100 Commerce Street, Third Floor
Dallas, TX 75242
Telephone: (214) 659-8771
Facsimile: (214) 659-8802

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

RESPONSE TO 28 U.S.C. § 2255 MOTION ...................................................................... 1

    1.    BACKGROUND ........................................................................................ 1

        A.    Statement of the Case ................................................................ 1

        B.    Statement of the Issues ............................................................. 1

        C.    Statement of Facts ................................................................... 2

    2.    STANDARD OF REVIEW ........................................................................ 4

    3.    ARGUMENT AND ANALYSIS ............................................................... 3

        A.    Camillo-Amisano filed his section 2255 motion outside the one-year statute of limitations, and the Court should dismiss it on this basis. ................................................................................................ 5

        B.    Camillo-Amisano fails to prove his ineffective-assistance-of-counsel claims. ......................................................................... 8

CONCLUSION ................................................................................................................... 20

CERTIFICATE OF SERVICE ........................................................................................... 20

i

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**                                                                          **Page(s)**

*Alexander v. Cockrell*, 294 F.3d 626 (5th Cir. 2002) ........................................................ 7

*Anderson v. Collins*, 18 F.3d 1208 (5th Cir. 1994) ........................................................ 14

*Blackledge v. Allison*, 431 U.S. 63 (1977) ........................................................ 11

*Busby v. Dretke*, 359 F.3d 708 (5th Cir. 2004) ........................................................ 19

*Camillo-Amisano v. United States*, 135 S. Ct. 2377 (2015) ........................................... 1, 7

*Covey v. Arkansas River Co.*, 865 F.2d 660 (5th Cir. 1989) ............................................... 8

*Cuyler v. Sullivan*, 446 U.S. 335 (1980) ........................................................ 8

*Fierro v. Cockrell*, 294 F.3d 674 (5th Cir. 2002) ........................................................ 8

*Hill v. Lockhart*, 474 U.S. 52 (1985) ........................................................ 13

*Holland v. Florida*, 560 U.S. 631 (2010) ........................................................ 7

*Houston v. Lack*, 487 U.S. 266 (1988) ........................................................ 6

*Hulsey v. Thaler*, 421 F. App'x 386 (5th Cir. 2011) ........................................................ 8

*In re Wilson*, 442 F.3d 872 (5th Cir. 2006) ........................................................ 7, 8

*Kimmelman v. Morrison*, 477 U.S. 365 (1986) ........................................................ 17

*Lindh v. Murphy*, 521 U.S. 320 (1997) ........................................................ 5

*Lockhart v. Fretwell*, 506 U.S. 364 (1993) ........................................................ 9

*Massaro v. United States*, 538 U.S. 500 (2003) ........................................................ 8, 19

*Miller v. Johnson*, 200 F.3d 274 (5th Cir. 2000) ........................................................ 9, 15

*Padilla v. Kentucky*, 130 S. Ct. 1473 (2010) ........................................................ 10

*Padilla v. Kentucky*, 599 U.S 356 (2010). ........................................................ 12, 13

**Federal Cases (continued…)**                                              **Page(s)**

*Premo v. Moore*, 131 S. Ct. 733 (2011) ....................................................................... 8, 15

*Strickland v. Washington*, 466 U.S. 668 (1984) ............................................ 8, 9, 10, 16, 17

*Strickler v. Greene*, 527 U.S. 263 (1999) ........................................................................ 17

*United States v. Bartholomew*, 974 F.2d 39 (5th Cir. 1992) ............................................ 10

*United States v. Carr*, 740 F.2d 339 (5th Cir. 1984) ........................................................ 17

*United States v. Frady*, 456 U.S. 152 (1982) ..................................................................... 4

*United States v. Green*, 882 F.2d 999 (5th Cir. 1989) ....................................................... 14

*United States v. Hughes*, 635 F.2d 449 (5th Cir. Unit B 1981) ........................................... 5

*United States v. Jimenez-Nava*, 243 F.3d 192 (5th Cir. 2001) .......................................... 18

*United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014) .................................................... 13

*United States v. Kimler*, 167 F.3d 889 (5th Cir. 1999) ..................................................... 18

*United States v. Lampazianie*, 251 F.3d 519 (5th Cir. 2001) ............................................ 19

*United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000) .................................................. 7

*United States v. Pineda*, 988 F.2d 22 (5th Cir. 1993) ....................................................... 11

*United States v. Placente*, 81 F.3d 555 (5th Cir. 1996) ...................................................... 4

*United States v. Reed*, 719 F.3d 369 (5th Cir. 2013) .......................................................... 5

*United States v. Segler*, 37 F.3d 1131 (5th Cir. 1994) ........................................................ 4

*United States v. Shaid*, 937 F.2d 228 (5th Cir. 1991) ..................................................... 4, 5

*United States v. Stewart*, 207 F.3d 750 (5th Cir. 2000) .................................................... 10

*United States v. Thomas*, 203 F.3d 350 (5th Cir. 2000) ...................................................... 6

*United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992) ....................................................... 5

**Federal Cases (continued…)** **Page(s)**

*United States v. Williamson*, 183 F.3d 458 (5th Cir. 1999) ............................................... 19

**Federal Statutes and Rules**

28 U.S.C. § 2255 ................................................................................................... 4, 14

28 U.S.C. § 2255(a) ..................................................................................................... 4

28 U.S.C. § 2255(f) ..................................................................................................... 6

28 U.S.C. § 2255(f)(1) ............................................................................................. 1, 7

Rule 3(d) Governing Section 2255 Proceedings ......................................................... 6

Rule 8 of the Rules Governing Section 2255 Proceedings ......................................... 5

## RESPONSE TO 28 U.S.C. § 2255 MOTION

Camillo-Amisano moves the Court to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. The government opposes his motion because it was not filed within the one-year statute of limitations and because he fails to demonstrate that he received ineffective assistance of counsel.

### 1.   BACKGROUND

#### A.   Statement of the Case

Camillo-Amisano pled guilty to enticement of a minor, in violation of 18 U.S.C. § 2422(b). (CR Dkt. Nos. 19-50, 53.)[1] On June 18, 2014, the Court sentenced him to 300 months' imprisonment. (CR Dkt. No. 69.) Camillo-Amisano appealed his conviction. (CR Dkt. No. 72.) The Fifth Circuit dismissed his appeal on October 24, 2014. (Appeal No. 14-10726, Doc. No. 00512814578.) Camillo-Amisano petitioned for a writ of certiorari, which was denied on June 1, 2015. *Camillo-Amisano v. United States*, 135 S. Ct. 2377 (2015). He then filed this untimely section 2255 motion on July 15, 2016. (CV Dkt. No. 2 at 29.) *See* 28 U.S.C. § 2255(f)(1).

#### B.   Statement of the Issues

As an initial matter, Camillo-Amisano's section 2255 motion is untimely, as it was filed more than one year after the Supreme Court denied his writ of certiorari. The Court should dismiss his motion as untimely. Substantively, Camillo-Amisano asserts a

---

[1] Citations to "CR Dkt. No. _" refer to the docket of the underlying criminal proceeding, *United States v. Camillo-Amisano*, 3:13-CR-00446-P. Documents filed in this section 2255 action are cited "CV Dkt. No. _." Other documents will be referenced by title.

laundry list of counsel's alleged deficiencies, including the failures to adequately investigate the case, file pretrial motions, properly advise him regarding his guilty plea, challenge witness testimony at sentencing, and raise appropriate issues on appeal. However, the record and relevant case law contradict Camillo-Amisano's assertions of deficient performance by his counsel, and he fails to demonstrate the requisite prejudice for a successful ineffective-assistance-of-counsel claim.

### C.    Statement of Facts

#### i.    Camillo-Amisano cultivated an online relationship with a minor and then traveled to the Dallas area to have sex with him.

Camillo-Amisano met the minor, "John Doe," in an internet chatroom, and in the days and weeks after they met, he chatted online with John Doe via Skype.  (CR Dkt. No. 49 at 2.)  Camillo-Amisano knew that John Doe was 14 years old.  About a month after they met online, Camillo-Amisano traveled from his home in Washington to Dallas, Texas for the purpose of meeting John Doe for a sexual encounter.  (*Id*.)  Camillo-Amisano enticed John Doe via his communications over the internet and by cellular phone to sneak out of his house in Mesquite, Texas, and meet him to engage in unlawful sexual activity.  (*Id*. at 3.)  Camillo-Amisano took John Doe to a local hotel and engaged in oral and anal sexual intercourse with him.  (*Id*.)

The investigation showed that this type of behavior was a pattern with Camillo-Amisano.  A search of his computer showed that he was communicating with a number of teenage boys on ultimatechatzone.com.  (PSR ¶ 36.)  Camillo-Amisano also traveled

to engage in or attempt to engage in sexual encounters with other underage boys.  (PSR ¶¶ 42-43.)

### ii. Camillo-Amisano pled guilty, and the Court sentenced him to 300 months' imprisonment.

On August 16, 2013, Camillo-Amisano pled guilty to enticement of a minor.  (CR Dkt. No. 49, 51, 53.)  His plea agreement included a provision pursuant to Fed. R. Crim. P. 11(c)(1)(C), in which the parties agreed that a sentence not to exceed 480 months' imprisonment would be appropriate.  (CR Dkt. No. 53 at 2.)   If the Court accepted the plea agreement, the sentencing recommendation would be binding on the Court, and if the Court declined to accept the plea agreement, Camillo-Amisano would be able to withdraw his guilty plea.  (*Id.* at 2-3.)

After Camillo-Amisano's guilty plea, a presentence investigation report (PSR) was prepared.  The PSR recommended a base offense level of 28.  (PSR ¶ 24.)  It also added a two-level increase because Camillo-Amisano was more than 25 years older than the victim and unduly influenced the victim into a sexual relationship by lavishing him with attention and offering him gifts.  (PSR ¶ 25.)  Another two-level increase was added because Camillo-Amisano used his computer and cellular phone to entice the victim as well as a two-level enhancement for engaging in sexual intercourse with the victim.  (PSR ¶¶ 26-27.)  The PSR also recommended a five-level enhancement because of the pattern of prohibited sexual conduct.  (PSR ¶ 32.)  Finally, Camillo-Amisano received a two-level reduction for acceptance of responsibility.  (PSR ¶ 34.)  Camillo-Amisano's total offense level was 37.  (PSR ¶ 35.)  His resulting advisory guideline range, in light of

his Criminal History Category of I, was 210 to 262 months' imprisonment.  (PSR ¶ 74.)

At sentencing, the Court accepted the plea agreement, granted the government's motion

for an upward departure based on Camillo-Amisano's repeated predatory conduct, and

sentenced Camillo-Amisano to 300 months' imprisonment.  (CR Dkt. No. 88 at 75.)

## 2.    STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set

aside, or correct his conviction or sentence.  It provides four grounds: "(1) the sentence

was imposed in violation of the Constitution or laws of the United States; (2) the court

was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory

maximum sentence; or (4) the sentence is otherwise subject to collateral attack."  28

U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation

omitted).  Furthermore, issues raised and disposed of on direct appeal are not subject to

further review under section 2255.  *See United States v. Segler*, 37 F.3d 1131, 1134 (5th

Cir. 1994).

After accepting a guilty plea and exhaustion of a defendant's right to appeal, the

court is "entitled to presume that the defendant stands fairly and finally convicted."

*United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991).  "Our trial and appellate

procedures are not so unreliable that we may not afford their completed operation any

binding effect beyond the next in a series of endless post-conviction collateral attacks.

To the contrary, a final judgment commands respect."  *United States v. Frady*, 456 U.S.

152, 164–65 (1982).

Consequently, issues that can be presented in a section 2255 motion are limited.  A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude.  *See Shaid*, 937 F.2d at 232.  As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

*United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Procedurally, a section 2255 motion does not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings.  "When the files and records of a case make manifest the lack of merit of a section 2255 claim, the trial court is not required to hold an evidentiary hearing."  *Hughes*, 635 F.2d at 451.  A prisoner is not entitled to an evidentiary hearing on his section 2255 motion unless he "presents independent indicia of the likely merit of [his] allegations," although "this requirement must be understood practically, in the context of the claim being presented."  *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013).

3.    **ARGUMENT AND ANALYSIS**

   A.    **Camillo-Amisano filed his section 2255 motion outside the one-year statute of limitations, and the Court should dismiss it on this basis.**

This case is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  The

AEDPA enacted a limitation period in which to file a motion under section 2255.  It

provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Subsection (f)(1) is the only provision at issue here, and the one-

year limitation period "typically begins to run on the date on which the judgment of

conviction becomes final."  *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000)

(internal marks omitted).  Where the defendant has requested and been denied a writ of

certiorari from the Supreme Court, his conviction becomes final on the date of the denial,

and the one-year deadline begins to run.  *Id.* at 355.

Section 2255 motions filed by pro se prisoners are considered timely if they are

deposited in the prison's internal mailing system on or before the last day for filing.  *See*

Rule 3(d) Governing Section 2255 Proceedings.  The burden is on the inmate to prove

that his filing was delivered to prison officials within the pertinent deadline.  *See Houston*

*v. Lack*, 487 U.S. 266, 277 n.3 (1988) (leaving it to the party to prove receipt of document on a date earlier than that recorded on it).  "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."  Rule 3(d).

Here, the Supreme Court denied Camillo-Amisano's petition for certiorari on June 1, 2015.  *Camillo-Amisano*, 135 S. Ct. at 2377.  Thus, he had until June 1, 2016, to file his section 2255 motion.  *See* 28 U.S.C. § 2255(f)(1).  Camillo-Amisano certified that he placed his section 2255 motion in the prison mailing system on July 15, 2016.  (CV Dkt. No. 2 at 29.)  Camillo-Amisano provides no explanation for his late filing and, in fact, does not acknowledge that his motion is untimely.

The one-year limitation period in subsection (f)(1) is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  The doctrine "is applied restrictively" and "only in rare and exceptional circumstances."  *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (internal quotation marks omitted).  Camillo-Amisano bears the burden to establish that equitable tolling should be applied.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  A prisoner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland*, 560 U.S. at 649 (internal quotation marks omitted).  "A [prisoner's] failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the [prisoner's] own making do not

qualify." *In re Wilson*, 442 F.3d at 875.  "[E]quitable tolling is unavailable to 'those who sleep on their rights.'"  *Hulsey v. Thaler*, 421 F. App'x 386, 390 (5th Cir. 2011) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).  "Equitable tolling thus applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (citations and internal quotation marks omitted).  "As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."  *Id.* (citation and internal quotation marks omitted).

Thus, Camillo-Amisano has shown neither due diligence nor extraordinary circumstances beyond his control that prevented him from timely filing his motion.  To allow his motion to proceed would effectively nullify the one-year filing deadline.  Accordingly, this Court should dismiss his section 2255 motion as time-barred.

### B.  Camillo-Amisano fails to prove his ineffective-assistance-of-counsel claims.

Claims that counsel was ineffective can be raised for the first time in a section 2255 petition.  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel.  *Cuyler v. Sullivan*, 446 U.S. 335, 344–45 (1980).  Importantly, it is a petitioner's burden to prove his counsel rendered ineffective assistance; it is not the government's burden to show otherwise.  *See Premo v. Moore*, 131 S. Ct. 733, 739-40 (2011).

To obtain relief because of ineffective assistance of counsel, a section 2255 petitioner has the burden of satisfying a two-prong test.  *Strickland v. Washington*, 466

U.S. 668, 687 (1984).  The petitioner must first prove his counsel's performance was

deficient.  *Id.*  Simply making "conclusory allegations" is insufficient.  *Miller v. Johnson*,

200 F.3d 274, 282 (5th Cir. 2000).  The petitioner must identify specific acts or omissions

that were not the result of reasonable professional judgment.  *Strickland*, 466 U.S. at 690.

This "scrutiny . . . must be highly deferential" and "requires that every effort be made to

eliminate the distorting effects of hindsight[.]"  *Id.* at 689.  This is because it is "all too

tempting for a defendant to second-guess counsel's assistance after conviction or adverse

sentence, and it is all too easy for a court, examining counsel's defense after it has proved

unsuccessful, to conclude that a particular act or omission . . . was unreasonable."  *Id.*

The Court "must judge the reasonableness of counsel's challenged conduct on the facts of

the particular case" and "evaluate [that] conduct from counsel's perspective at the time."

*Id.* at 689–90.  To that end, the Court "must indulge a strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance; that is, the

defendant must overcome the presumption that, under the circumstances, the challenged

action might be considered sound trial strategy."  *Id.* at 689 (internal quotations and

citations omitted).

 Second, a petitioner must prove that his attorney's deficient performance

prejudiced his case.  *Id.*  This requires showing "counsel's deficient performance renders

the result of the trial unreliable or the proceeding fundamentally unfair."  *Lockhart v.

Fretwell*, 506 U.S. 364, 372 (1993).  There is no prejudice if the deficient performance

did not "deprive the defendant of any substantive or procedural right to which the law

entitles him."  *Id.*  Put another way, a petitioner must prove that but for counsel's errors,

"there is a reasonable probability that" the result of the proceeding would have been different. *Strickland*, 466 U.S. at 693–94; *United States v. Bartholomew*, 974 F.2d 39, 41–42 (5th Cir. 1992).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010). The claim fails if the petitioner does not satisfy either the deficient-performance prong or the prejudice prong. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). And a court need not address both components if there is an insufficient showing on one. *Id.*

### i.    Vague and Conclusory Claims

Camillo-Amisano submits a laundry list of complaints about counsel's performance throughout the pendency of the case. In the majority of these claims, he fails to specify any facts in support of his arguments or even to provide detailed allegations. Specifically, the following claims are fatally vague and should be summarily denied: (1) counsel failed to properly advise Camillo-Amisano of the mens rea of the offense (CV Dkt. No. 2 at 13); (2) counsel misled him about his eligibility for a second detention hearing (*id.*); (3) counsel failed to advise the Court that he wanted a new lawyer during the pretrial conference (*id.*); (4) counsel would only discuss the guidelines with him—not the facts of the case (*id.* at 13-14); (5) counsel told him he would have to lie in Court (*id.* at 14); and (6) counsel did not tell him about an *Alford* plea (*id.*). Camillo-Amisano also complains, without factual support or explanation, that counsel should have "retained" the victim's medical history, hired an investigator, asked for a continuance, contacted expert witnesses, and subpoenaed the Canadian police detectives that he had

worked with during the investigation.  (CV Dkt. No. 2 at 11.)  However, he does not state what evidence would have been uncovered or how it would have affected the outcome of his case.  Accordingly, Camillo-Amisano fails to prove his ineffective-assistance-of-counsel claims.

Pro se filings are liberally construed, but those relaxed standards do not require the Court to guess or to develop the arguments on the litigant's behalf.  *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (ruling that pro se litigants are still required to provide sufficient facts in support of their claims, and even under the rule of liberal construction, "mere conclusory allegations on critical issues are insufficient to raise a constitutional issue").  Relaxed standards are still standards, and Camillo-Amisano's motion is so utterly lacking in detail that he fails to overcome the presumptions accorded to the evidence that is properly in the record.  *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of record are wholly incredible.")

## ii.      Deportation Consequences of Guilty Plea

Camillo-Amisano contends that counsel failed to adequately advise him regarding the deportation consequences of his guilty plea.  (CV Dkt. No. 2 at 4.)  Defense counsel is obligated to advise the defendant about the immigration consequences of a guilty plea.  *Padilla*, 559 U.S. at 368.  Camillo-Amisano states that "counsel would not state or confirm to the defendant that deportation was mandatory."  (CV Dkt. No. 2 at 4.)  This statement implies that counsel *did* discuss the possibility of deportation with Camillo-

Amisano but did not unequivocally state that deportation was mandatory.  Even if so, counsel's advice was not deficient.

Where, as here, "the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences."  *Padilla v. Kentucky*, 599 U.S 356, 369 (2010).  An alien convicted of an aggravated felony is removable. 8 U.S.C. § 1227(a)(2)(A)(iii). Aggravated felonies under the INA § 101(a)(43)(A) include "sexual abuse of a minor," but the INA does not define "sexual abuse of a minor." Thus, unlike in *Padilla*, where the statutory language of the INA expressly proscribed Padilla's deportation based on his controlled substance conviction, the categorization of Camillo-Amisano's conviction as an aggravated felony was not clear or certain, and counsel's general advice, assuming that was all counsel offered, was sufficient.

Camillo-Amisano further argues that counsel gave him inaccurate information regarding the treaty between the United States and Canada on the international transfer of prisoners, and as a result, counsel was constitutionally ineffective.  A defendant's right to counsel does not extend to such remote and indefinite consequences.  Additionally, Camillo-Amisano's eligibility for a treaty-based transfer is the same whether he pled guilty or was convicted by a jury—belying his claim that his guilty plea was based on inaccurate information about the treaty.

Regardless, even if counsel's advice was deficient, Camillo-Amisano fails to prove the requisite prejudice.  The prejudice prong of the *Strickland* test requires that the defendant show that there is a reasonable probability that but for counsel's errors, he

would not have pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  *Padilla*, 599 U.S. at 372.  In assessing prejudice, the Court considers the totality of the circumstances, including the defendant's evidence supporting his assertion, his likelihood of success at trial, the risks the defendant would have faced at trial, his representations about his desire to retract his plea, his connections to the United States, and the district court's admonishments.  *United States v. Kayode*, 777 F.3d 719, 725 (5th Cir. 2014).

First, Camillo-Amisano states only that he would have gone to trial if he had known he would have to register as a sex offender upon his return to Canada.  (CV Dkt. No. 2 at 5.)  He does not tie his assertion to counsel's advice regarding deportation at all. Second, he had no likelihood of success at trial.  There was overwhelming evidence of his guilt.  Computer records showed the content of his chats with the victim.  Flight and hotel records showed his travel and corroborated the victim's statements.  Hotel security footage confirmed that he and the victim were there together when alleged.  The car that he rented was the same make and model of the one the victim's mother saw her son get out of when he returned home.  The investigation showed a pattern of almost identical conduct with other boys.  Camillo-Amisano's conviction was a certainty.  Moreover, if he had gone to trial, he risked, not only a higher sentence in this district, but the prospect of a consecutive sentence in his separate prosecution that was pending in Illinois.  Finally, he made no attempt to withdraw his guilty plea.  Thus, the totality of the circumstances

leads to the inescapable conclusion that Camillo-Amisano has failed to prove the required prejudice, and his ineffective-assistance-of-counsel claim fails.

If the Court does not dismiss Camillo-Amisano's section 2255 motion as untimely, and concludes that it cannot decide the matter on the prejudice prong without testimony from defense counsel, the government asks the Court to set this matter for an evidentiary hearing.

### iii.    Pretrial Investigation

Camillo-Amisano contends that counsel failed to adequately investigate his case because he did not obtain the following evidence:  1) the contents of Camillo-Amisano's safety deposit box (CV Dkt. No. 2 at 7); 2) records from his employer showing his work-related travel (*id*. at 8); 3) the lockbox from his house (*id*.); 4) photographs of his tattoos and other body parts (*id*.); 5) a news article featuring his work with the Canadian police to identify and arrest child predators (CV Dkt. No. 6 at 12); 6) records showing his educational background (CV Dkt. No. 2 at 8); 7) the victim's medical records (*id*. at 11); and 8) opinion testimony from experts in the field of abnormal sexuality (*id*.)

However, these allegations fail to provide the requisite detail to prove ineffective assistance of counsel.  When a section 2255 petitioner alleges that his attorney was ineffective for failing to investigate his case, he must allege with specificity what exculpatory evidence his attorney would have learned through further investigation.  *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).  And he must show that the anticipated evidence would have been material and beneficial to his defense.  *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

Camillo-Amisano does not state what such an investigation would have shown or how it would have made a difference in his case.  He repeats vague references to various types of evidence but does not explain the content of that evidence or how it would have been important in his case.  Simply making "conclusory allegations" of deficient performance and prejudice is insufficient to meet the *Strickland* test.  *Miller*, 200 F.3d at 282.  The defendant must prove that counsel was deficient; it is not the government's burden to prove that counsel was competent.  *See Premo v. Moore*, 131 S. Ct. 733, 739 (2011).

Because of Camillo-Amisano's lack of specificity, the Court is left to guess what the "research" stored in his safety deposit box or lockbox involved.  Camillo-Amisano seems to hint that he was formally educated in the subject of abnormal sexuality as it relates to online child predators, that he conducted "research" on the topic, that he assisted Canadian law enforcement in identifying online child predators, and that there was a newspaper article about it.  But he provides no evidence, aside from his uncorroborated statements, that these insinuated allegations are true.

Regardless, even assuming—without conceding—that Camillo-Amisano was the foremost academic expert on online child predators, that he holds multiple advanced degrees on the subject, that his research has contributed immeasurably to law enforcement's ability to identify and prosecute those perpetrators, and that other experts in the field would verify Camillo-Amisano's credentials, those facts—individually and collectively—would be immaterial to his guilt in this case.  As counsel correctly advised him, Camillo-Amisano could be the Jane Goodall of the online-child-predator field but

his possession of that expertise is entirely irrelevant to the issue of whether he committed the crime to which he pled guilty.  (*See* CV Dkt. No. 15 at 3.)  Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  *Strickland*, 466 U.S. at 691.  Declining to investigate irrelevant evidence is entirely reasonable.  In fact, it allows counsel to effectively focus on issues of merit.  Likewise, the absence of irrelevant evidence would not change the outcome of a case.  Camillo-Amisano has failed to show deficient performance and prejudice.

Camillo-Amisano also faults counsel for not obtaining business records from his employer showing that he traveled for his work.  (CV Dkt. No. 2 at 8.)  However, he does not even allege that his trips to Dallas, Chicago, or San Diego, during which he attempted to meet or successfully met his underage victims, were related to his work.  (*Id*.)  Without some connection between the timing of the offenses and his "work-related" travel, the issue is inconsequential.  Camillo-Amisano further contends that counsel "failed to investigate [whether the] claim of sexual abuse was fabricated or even if the crime had occurred, or whether perpetrator was someone other than defendant" because counsel did not obtain the victim's medical records.  (CV Dkt. No. 2 at 11.)  However, the record shows that the victim underwent a medical examination that corroborated the sexual contact that he described.  (PSR ¶ 15.)  Again, additional investigation was unnecessary.  When counsel has reason to believe "that pursuing certain investigation would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be

challenged as unreasonable." *United States v. Carr*, 740 F.2d 339, 349 (5th Cir. 1984) (quoting *Strickland*, 104 S. Ct. at 2066).

### iv.   Pretrial Motions/Request for Bench Trial

Camillo-Amisano faults counsel for not filing various pretrial motions or requesting a bench trial.  (CV Dkt. No. 2 at 10-11.)  None of his claims demonstrate ineffective assistance of counsel.

First, Camillo-Amisano complains that counsel failed to file a motion requesting *Brady* materials.  (*Id*. at 10.)  He asserts that "evidence was missing" but does not proffer what that evidence might have been.  (*Id*.)  More importantly, however, the lack of a *Brady* motion could not have altered the outcome of the case because the prosecution must disclose evidence favorable to the defendant regardless of whether the defendant requests it.  *Strickler v. Greene*, 527 U.S. 263, 280–81 (1999).

Next, Camillo-Amisano contends that counsel should have filed a motion to suppress the statement he gave to Homeland Security Investigation agents.  He claims that the agents used "trickery and misleading facts" to coerce him into signing a waiver of his constitutional rights and that despite his request for an attorney, the agents continued to question him.  (CV Dkt. No. 2 at 10.)  In this context, a prisoner must prove that a motion to suppress would have been meritorious and that the suppression of evidence would have yielded a different outcome in his case.  *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).  However, Camillo-Amisano fails to support his claim with specific facts about the content of the statement that he believed should be suppressed or

how its suppression would have changed the case.  There is no mention of a confession in the record, and there was overwhelming evidence Camillo-Amisano's guilt.

Third, he argues that counsel should have moved to dismiss the indictment because agents did not advise him of his right to consular notification under the Vienna Convention.  (CV Dkt. No. 2 at 10.)  Regardless, the failure to inform a non-citizen defendant of his consular notification rights does not serve as a basis for dismissal of charges or suppression of statements.  *United States v. Jimenez-Nava*, 243 F.3d 192, 198–99 (5th Cir. 2001).  Thus, a motion to dismiss would have been meritless, and counsel cannot be deemed ineffective for failing to raise a meritless argument.  *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Additionally, Camillo-Amisano claims that counsel was ineffective for not requesting a bench trial simply because "the prosecutor would not approve it."  (CV Dkt. No. 2 at 11.)  Counsel's reasoning was sound.  Rule 23 of the Federal Rules of Criminal Procedure states that "if the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves."  Thus, without the government's consent, requesting a bench trial would have been pointless.

### v.     Direct Appeal

Camillo-Amisano contends that counsel failed to adequately advise him about his appeal options and "decided" for him not to file an appeal.  (CV Dkt. No. 2 at 15-16.) Despite any deficiency by counsel or miscommunication between counsel and Camillo-

Amisano, he cannot demonstrate prejudice.  A direct appeal was timely filed, and Camillo-Amisano had a full opportunity to appeal his conviction and sentence.

Finally, Camillo-Amisano complains that appellate counsel did not consult with him about what issues to raise and argues that appellate counsel should have presented different issues on appeal.  (CV Dkt. No. 2 at 16.)  Specifically, he argues that counsel should have presented ineffective-assistance-of-counsel arguments on direct appeal.  (*Id.*)

An attorney's decisions about which issues to raise on appeal and which to forego are seldom subject to attack through ineffectiveness claims.  *See Busby v. Dretke*, 359 F.3d 708, 715 (5th Cir. 2004).  An attorney's decision to omit an argument on appeal rises to ineffectiveness when directly controlling authority reveals that, had the argument been made, the defendant's appeal likely would have been successful.  *See United States v. Williamson*, 183 F.3d 458, 463 & n.7 (5th Cir. 1999).

Here, if appellate counsel had raised the ineffective assistance of trial counsel, the Fifth Circuit would likely have declined to address them.  The general rule in this circuit is that claims of ineffective assistance will not be considered on direct appeal "when, as here, it was not raised in the district court, because there has been no opportunity to develop record evidence on the merits of the claim."  *United States v. LampaziAnie*, 251 F.3d 519, 527 (5th Cir. 2001); *see also Massaro*, 538 U.S. at 504–05.  Appellate counsel's decision not to raise ineffective assistance of counsel claims was therefore reasonable and did not preclude Camillo-Amisano from raising those issues in this section 2255 proceeding.

## CONCLUSION

The government respectfully requests that Camillo-Amisano's motion be dismissed with prejudice as untimely or, alternatively, denied on the merits.

Respectfully submitted,

JOHN R. PARKER
United States Attorney

_s/Amy J. Mitchell_____

AMY J. MITCHELL
Assistant United States Attorney
Texas Bar No. 24029734
Oklahoma Bar No. 17674
1100 Commerce Street, Third Floor
Dallas, TX 75242
Telephone: (214) 659-8771
Facsimile: (214) 659-8802

## CERTIFICATE OF SERVICE

I certify that on, November 17, 2016, I filed this response with the clerk of court for the U.S. District Court, Northern District of Texas.  I also certify that a copy of this response was sent to, Phillip Camillo-Amisano, Register No. 42353-086, BOP Lompoc USP, 3901 Klein Blvd, Lompoc, CA 93436, by first class mail, return receipt requested No. 7014 3490 0000 3102 8587.

_s/Amy J. Mitchell_____

AMY J. MITCHELL
Assistant United States Attorney