# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP CAMILLO-AMISANO, | ) | |
| ID # 42353-086, | ) | |
| Movant, | ) | No. 3:16-CV-2173-C (BH) |
| vs. | ) | No. 3:12-CR-0177-C (1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** as barred by the statute of limitations.

## I. BACKGROUND

Phillip Camillo-Amisano ("Movant"), a federal prisoner, filed a motion under 28 U.S.C. § 2255. (*See* doc. 2.) He challenges his 2014 conviction for enticement of a minor and 300-month sentence with a 10-year term of supervised release. (*See id.*)[1]

After judgment was entered on June 19, 2014, Movant timely filed a direct appeal, but it was dismissed. (*See* docs. 70, 87.) He filed a petition for a writ of certiorari, and it was denied on June 1, 2015. (*See* doc. 89.) On October 20, 2015, he filed a second notice of appeal that was dismissed as untimely. (*See* docs. 91, 98.)

Movant's § 2255 motion is dated June 26, 2016; it was placed in the prison mailing system on July 16, 2016, and it was received by the Court on July 26, 2016. (*See* 3:16-CV-2173-C, doc.

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:12-CR-177-C (1).

2 at 29.)  In response to the government's contention that the motion is untimely, Movant first argues

that his motion is timely because the one-year statute of limitations did not begin to run until the

conclusion of his second direct appeal.  (*See* 3:16-CV-2173-C, doc. 21 at 10-13, doc. 28 at 4-5.)  He

also claims that he attempted to file a notice of his intention to file a § 2255 motion before the statute

of limitations expired, which renders his § 2255 motion timely.  (*See id.,* doc. 28 at 5-8.)

### III.  STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner

may file a motion to vacate, set aside, or correct his sentence under that section."  *Dodd v. United

States*, 545 U.S. 353, 356 (2005).  It states:

> A 1-year period of limitation shall apply to a motion under this section.  The
> limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by
> > governmental action in violation of the Constitution or laws of the
> > United States is removed, if the movant was prevented from making
> > a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by
> > the Supreme Court, if that right has been newly recognized by the
> > Supreme Court and made retroactively applicable to cases on
> > collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims
> > presented could have been discovered through the exercise of due
> > diligence.

28 U.S.C. § 2255(f).  Movant does not allege any facts that could trigger a starting date under §§

2255(f)(2)-(4), so his statute of limitations began to run on the date on which his judgment of

conviction became final.  *See* § 2255(f)(1).  A conviction becomes final when the Supreme Court

"affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or

when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Movant's conviction became final on June 1, 2015, i.e., the date on which the Supreme Court denied his petition for a writ of certiorari. *See id.*

Movant's second, untimely notice of appeal did not change the date on which his conviction became final. *See Harris v. United States*, Nos. 5:13-CV-703-BO & 5:11-CR-247-BO, 2014 WL 11996376, at * 2 (E.D. N.C. Jan. 23, 2014) ("The pertinent date is not when petitioner's untimely appeal was dismissed, but rather the date on which his conviction became final."). It was filed approximately 16 months after the Court entered judgment. *Cf.* Fed. R. App. P. 4(b)(1)(A)(i) (providing that a notice of appeal in a criminal case must be filed no later than 14 days after the district court enters judgment). "[T]he mere filing of a late notice of appeal is not sufficient under *Jimenez*[ *v. Quarterman*, 555 U.S. 113, 129 (2009)] to render a final conviction nonfinal for purposes of § 2255." *Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012) (per curiam). "If the filing of an untimely notice of appeal reset the running of the limitations period, the statute of limitation period would be rendered . . . meaningless." *Id.* Therefore, Movant's second notice of appeal–which was untimely and filed after his certiorari petition was denied–did not render his final conviction nonfinal or reset his statute of limitations under § 2255(f)(1). Under § 2255(f)(1), Movant had one year from June 1, 2015, until June 1 2016, to timely file his § 2255 motion. His motion was filed on July 15, 2016, at the earliest.[2]

Movant claims that he attempted to file a notice of his intent to file a § 2255 motion before his statute of limitations expired, which made his late § 2255 motion timely. (*See* 3:16-CV-2173-C, doc. 28 at 5-8, 20.) The docket reflects no such notice, or any inquiry about the notice. He has not,

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

as is required by Rule 3(d) of the Rules Governing Section 2255 Proceedings in the United States District Courts, certified under the penalty of perjury that he deposited his notice in the prison mail and prepaid the required first-class postage. Nor has he offered evidence of the envelope that he used to mail his notice. He also did not mention the notice in his § 2255 motion, which alleged that it was timely because he filed it "just over [a] year from the Supreme Court decision from the direct appeal and less than [one] month from the [second] appeal to the Court of Appeals [for] the Fifth Circuit." (*See* 3:16-CV-2173-C, doc. 2 at 28.)

It was not until the government raised the issue of timeliness that Movant first claimed that he had attempted to file a notice of intent to file a § 2255 motion. *See United States v. Nyamaharo*, 514 F. App'x 479, at *1 (5th Cir. 2013) (finding no reversible error in the district court's conclusion that a § 2255 motion was untimely where the movant claimed–only after the magistrate judge found that his motion was untimely–that he had submitted an earlier § 2255 motion for mailing that was never filed). Regardless, a notice of intent to file a § 2255 motion is not a proper substitute for a timely motion. *See Johnson*, 457 F. App'x at 467-68 (holding that a motion that shows an "intent to file a § 2255 petition in the future" does not serve as a timely § 2255 motion); *see also Vargas v. United States*, Nos. 4:07-CR-1504-RBH & 4:09-CV-70110-RBH, 2010 WL 1664452, at * 4 (D.S.C. Apr. 30, 2010) (same). Movant's proffered notice states only his intent to "proceed to file [a] § 2255 motion;" it raises no grounds for relief, offers no facts to support a claim for relief, and does not challenge his criminal judgment in any way. (*See* 3:16-CV-2173-C, doc. 28 at 20.) Accordingly, it cannot be construed as a timely § 2255 motion, so his current § 2255 motion is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional

circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, the movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier. Any argument that he is entitled to equitable tolling because he did not understand the law is without merit. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that ignorance of the law, a lack of knowledge of filing deadlines, a prisoner's pro se status, and a lack of legal training do not support equitable tolling of AEDPA's statute of limitations). Because he has not met his burden to establish circumstances warranting

equitable tolling, his motion to vacate should be denied as untimely.

## II. RECOMMENDATION

The Court should find Movant's motion to vacate, set aside, or correct sentence barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 31st day of August, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto.Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE